## KILGOUR v. SCOTT et al.

### (Circuit Court, S. D. New York. January 3, 1901.)

1. FINDING OF MASTER—CONCLUSIVENESS.

    Where a reference was made to a master in a suit for an accounting to determine the value of certain property conveyed to one of the parties and sold by him, finding of the master will not be disturbed where based upon the evidence.

2. ACCOUNTING—CREDITS.

    Where property is conveyed to a creditor as security to be sold, on accounting with the debtor the creditor is entitled to be credited with interest on mortgages on the property, paid by him to save the property for the benefit of the creditor, and the taxable costs of foreclosures from which the creditor redeemed.

In Equity.

William S. Bennett, for plaintiff.

Lewis E. Carr, for defendants.

WHEELER, District Judge. The master's report herein was recommitted for a finding of the just value of the Passaic property covered by prior mortgages. Kilgour v. Scott (C. C.) 101 Fed. 359. That value has been found and reported to have been $22,500, December 30, 1896. In restating the account this amount is reduced by "interest and costs, $849.41," as well as by the face of the mortgages. The finding of value is excepted to as not according to the evidence; and this reduction, and the failure to allow interest on certain other items, are excepted to as improperly omitted. Most of the witnesses stated the value in small lots as being much higher than it is found, and the average of their estimates is much higher. The value as all in one piece is testified to be 20 per cent. less than the aggregate value in such lots, and the testimony was to be weighed, as it stated values of lots as they have resulted since that date. The finding of the master on a matter so committed to him is like the verdict of jury, and is not to be disturbed while it proceeded fairly upon the evidence within the scope of the inquiry. The master does not appear to have gone outside of the fair consideration of the evidence and circumstances, according to his judgment. So no just ground is made to appear for disturbing his conclusion. A supplemental report, made at the request of the court, shows the interest in the item of interest and costs to be the interest on the mortgages included with the principal in the foreclosures, and the costs to have been those taxed against the defendants in those proceedings. The interest on the mortgages paid by the defendants, besides, is charged to the plaintiff at $809.17. This interest is $443, and is no part of the other. Both were a part of the mortgages which the defendant had to pay off to save the

property for the benefit of the plaintiff, and the taxable costs of the foreclosures became a similar charge upon the property. The defendants should be allowed for the payment of the mortgages, the interest thereon, and these costs as a part of the expense of saving the property for the plaintiff under the agreement by which Scott held the title. Interest was allowed in adjusting balances carried forward, and it is not made to appear that, in result, any items belonging to the plaintiff have been omitted. The exceptions are, therefore, overruled. As the plaintiff has been compelled to bring this suit to obtain his rights, and has largely prevailed in it, he is entitled to costs, after deducting which there will probably be a balance due to the defendants. And as there is more property the title to which is held under the agreement between the parties, the plaintiff should have a right to redeem. Exceptions overruled, reports accepted and confirmed, and decree for plaintiff for redemption of remaining property.